BOARDMAN COAL MINING CO., PETITIONER, *v*, COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25614. Promulgated November 11, 1929.

*A. M. Liveright, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, and *S. B. Anderson, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioner in its amended petition and by counsel at the hearing, alleged that the year 1919 is involved in this proceeding. The deficiency letter shows that deficiencies have been determined by the respondent only for the years 1918 and 1920, and the Board, therefore, has no jurisdiction of the petitioner's tax liability for 1919 and the amended petition, in so far as it relates to that year, is dismissed.

The petitioner claims the right to deduct from gross income for 1918 the amount of $12,300, representing the depreciated cost of certain miners' houses purchased in that year from the Potts Run Coal Co., and the amount of $11,958.47, representing the cost of mine machinery and equipment, and it also claims that the rate for depletion of its coal properties should be increased. For the year 1920 the petitioner claims that the respondent erred in disallowing as a deduction for expenses the amount of $41,819.97 representing the cost of mine machinery and equipment purchased in that year; in the rate of depletion allowed, and in failing to allow for depletion on 18,472 net tons of additional coal.

On the record before us we must affirm the determination of the respondent. In our opinion the amounts paid for the houses and mine machinery and equipment in question clearly constitute capital expenditures which should be amortized over the life of the assets and recovered through allowances for exhaustion, wear and tear. The respondent has allowed depreciation for the assets and there is no evidence before us on which we would be warranted in finding that the allowances are not adequate. Nor is there any evidence to show that the respondent has not allowed an adequate rate of depletion for coal mined.

The petitioner claims that it is entitled to depletion on 18,472 tons of coal in addition to the depletion heretofore allowed by the respondent. At the hearing, however, the petitioner's counsel admitted that 17,309 tons of this additional coal were mined from the Chase lease, on which no depletion is allowable. As far as the record discloses, the respondent has allowed the petitioner all the depletion to which it is entitled.

*Judgment will be entered for the respondent.*